UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAWRENCE V. BERKOVICH | ) | |
| and KE DING BERKOVICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| THE VUE-NORTH CAROLINA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs, complaining of Defendant, allege and say:

**THE PARTIES**

1. Plaintiffs, Lawrence V. Berkovich and Ke Ding Berkovich are husband and wife and residents of Mecklenburg County, North Carolina.

2. Defendant, The VUE North Carolina, LLC, is a limited liability company organized under the laws of Delaware. Defendant is the owner of real property in Mecklenburg County, and that property is the subject of this action.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this action involves a federal question, whether Plaintiffs' cancellation of a contract to purchase real property from Defendant is valid pursuant to the Interstate Land Sales Act, 15 U.S.C. § 1701, *et seq.*

4. Venue is proper, pursuant to 28 U.S.C. § 1391 in that this action concerns real property located in Mecklenburg County.

5. This action includes a request for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.,* and a claim for breach of contract.

## STATEMENT OF FACTS

6. Defendant is the owner of The Vue-Charlotte, a condominium located in the City of Charlotte in Mecklenburg County.

7. On December 10, 2008, Plaintiffs and Defendant entered into a Purchase Agreement for unit 5102 in The Vue-Charlotte. The Purchase Agreement is Exhibit 1 to this Complaint and incorporated here by reference.

8. The Purchase Agreement was drafted by Defendant and is Defendant's form contract.

9. Terms of the Purchase Agreement include:

   a. The purchase price was $1.283 million.

   b. Plaintiffs were required to deposit earnest money in the sum of $145,485.00.

   c. The estimated completion date was December 31, 2011, with Defendant given the sole right to set the closing date when the unit was complete.

   d. Defendant had the right to make "non-material changes to or deviations from the plans and specifications."

   e. Plaintiff's sole termination rights were stated as ending seven days after signing.

   f. After the stated seven-day cancellation period, Defendants were free to use the earnest money on the condominium.

10. Plaintiffs paid the earnest money to Defendant.

11. The Interstate Land Sales Act, 15 U.S.C. § 1701, *et seq.,* (the "ILSA") requires the sellers of certain condominiums to deliver a deed to the purchasers within 180 days of the date the contract to purchase is signed unless certain provisions are included in the contract. Otherwise, the purchaser is given two years from the date of signing to cancel the contract, and the contract is required to state: "Under Federal law, you may cancel your contract or agreement any time within two years from the date of signing."

12. The Vue-Charlotte is subject to the ILSA.

13. The Vue-Charlotte is registered with the United States Office of Interstate Land Sales, and this registration is recited in the Purchase Agreement.

14. Defendant sold the Vue-Charlotte units in interstate commerce, including through a website touting the advantages of moving to Mecklenburg County.

15. Defendant has contracted with buyers from several states for purchase of units in the Vue-Charlotte.

16. The Purchase Agreement failed to include all provisions required to override the two-year right of cancellation, including but not limited to the following:

   a. The Purchase Agreement did not include a recordable legal description, in that none of the signatures was notarized as required by North Carolina law for documents to be recorded and the legal description was legally insufficient.

   b. The Purchase Agreement did not include the required statement about the right of cancellation within two years.

17. Defendant did not deliver a deed to Plaintiffs within 180 days of the date the Purchase Agreement was signed.

18. As a result of the above, pursuant to the ILSA, Plaintiffs had the right to cancel the Purchase Agreement within two years from the date of signing, i.e., until December 16, 2010.

19. Plaintiffs cancelled the Purchase Agreement within the two years, by notice sent by certified mail, return receipt requested, on October 18, 2010, and received by Defendant on October 22, 2010. The notice of cancellation is Exhibit 2 to this Complaint. A copy of the original return receipt is Exhibit 3.

20. Defendant has made material changes in the unit, including but not limited to material changes in the square footage of the condominium and the unit.

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment

21. The allegations in paragraphs 1-20 are incorporated here by reference.

22. Declaratory judgment is proper in that there is a genuine dispute affecting the future actions and relations of the parties, including whether the Purchase Agreement has been validly cancelled such that Plaintiffs are entitled to return of the earnest money.

23. Plaintiffs request that the Court enter judgment declaring the rights and obligations of the parties pursuant to the Purchase Agreement, specifically that Plaintiffs have validly cancelled the Purchase Agreement and Defendants are obligated to refund Plaintiffs' earnest money.

### SECOND CLAIM FOR RELIEF
### Breach of Contract

24. The allegations in paragraphs 1-23 are incorporated here by reference.

25.  Defendant has made material changes to the unit and the condominium complex, including but not limited to changes in the square footage in the building and the unit.

26.  Such changes are material and a breach of the contract.

27.  Plaintiffs have been damaged in an amount to be determined by the jury.

WHEREFORE, Plaintiffs pray the Court as follows:

1.  Judgment declaring that Plaintiffs have validly cancelled the Purchase Agreement; that the parties have no further rights or obligations pursuant to the Purchase Agreement; and ordering Defendant to refund earnest money in the amount of $145,485, to Plaintiffs.

2.  For judgment against Defendants in the amount of $145,485.

3.  Alternatively, for damages for breach of contract in an amount to be proven at trial.

4.  For interest as allowed by law.

5.  That the costs of this action be taxed to Defendant.

6.  That all issues of fact be tried by a jury.

7.  For such other and further relief as the Court may deem just and proper.

This 2nd day of December, 2010.

s/ Celie B. Richardson
N.C. State Bar no. 25506
Attorney for Plaintiffs
Richardson Law Group
P.O. Box 2585
Chapel Hill, NC 27515
919-932-7718
919-932-7720 (fax)
cbr@rlg-nc.com

**EXHIBIT INDEX**

Exhibit 1:       Purchase Agreement between Plaintiffs and Defendant.

Exhibit 2:       Plaintiffs' Notice of Cancellation of Purchase Agreement.

Exhibit 3:       Return Receipt for Plaintiffs' Notice of Cancellation.